UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOEL WAGSCHAL,

Plaintiff,

-against-

SOSHA WAGSCHAL,

Defendant.

26-CV-8272 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who proceeds *pro se*, brings this action styled as a "Notice of Limited Bankruptcy Removal," citing 28 U.S.C. §§ 1334, 1452. He removes, in part, the matrimonial action that he filed in the Supreme Court, Rockland County, *Wagschal v. Wagschal*, Index No. 031949/202, on the ground that it is related to his pending Chapter 13 bankruptcy case in the Bankruptcy Court for the Eastern District of New York, *In re Wagschal*, No. 26-44270 (ESS) (Bankr. E.D.N.Y.). For the reasons set forth in this order, the Court refers this action to the Bankruptcy Court for the Southern District of New York.

**BACKGROUND**

Plaintiff Yoel Wagschal currently resides in Brooklyn, in Kings County, New York. In 2023, Plaintiff filed a matrimonial action in the Supreme Court, Rockland County, *Wagschal v. Wagschal*, Index No. 031949/2023 ("Matrimonial Action").[1] A dispute has arisen in the Matrimonial Action regarding property at 1 Frontier Lane in Airmont, Rockland County, New York. Plaintiff attaches an order from the Supreme Court, Rockland County, directing him to

[1] Plaintiff has also filed a federal civil action against the judge presiding over the Rockland County Matrimonial Action, as well as against Sosha Wagschal, and her attorney, *Wagschal v. Wagschal*, No. 26-CV-5686 (E.D.N.Y. Nov. 2, 2026) (order transferring action to the Southern District of New York).

show cause at a hearing on September 11, 2026, why he should not be held in civil contempt for making a false representation of fact regarding "the sale of the former marital residence." (ECF 1 at 13.)

On September 10, 2026, one day before the scheduled hearing, Plaintiff filed a Chapter 13 bankruptcy case in the Eastern District of New York.[2] *In re Wagschal*, No. 26-44270 (ESS) (Bankr. E.D.N.Y.). Plaintiff attaches to his removal petition a letter dated September 11, 2026, from the Rockland County Supreme Court stating that Plaintiff had attempted to file documents that morning as a *pro se* litigant, but these were being returned to him unfiled because he is represented by counsel and was required to have documents filed electronically. (ECF 1 at 10.)

On September 15, 2026, Plaintiff filed this action, styled as a "Notice of Limited Bankruptcy Removal," citing 28 U.S.C. §§ 1334, 1452. (*Id.* at 1.) Plaintiff states that he removes Sosha Wagschal's "private property-enforcement claims" against him concerning the residence at 1 Frontier Lane in Rockland County, but he notes that he does "not assert that the residence necessarily belongs to [his] bankruptcy estate." (*Id.* at 1, ¶ 4.) Plaintiff also states that he seeks to exclude certain Matrimonial Action matters from removal, including "divorce status, custody/access, independent domestic-support enforcement, protective orders, domestic-violence matters, criminal contempt, governmental police or regulatory enforcement, the separate foreclosure action, and claims solely against others." (*Id.* at ¶ 5.)

Plaintiff contends that his removal petition is timely, under Rule 9027(a)(2)(A), because it was filed in this court "within 90 days after the order for relief." (*Id.* at ¶ 3.)

---

[2] According to a document attached to the notice of removal, an involuntary case against Plaintiff under Chapter 7 of the Bankruptcy Code was filed on January 26, 2026, and dismissed on August 17, 2026. *See In re: Yoel Wagschal*, No. 26-22098 (Bankr. S.D.N.Y. Aug. 17, 2026).

**DISCUSSION**

The bankruptcy removal provisions, 28 U.S.C. §§ 1452 and 1334, permit the removal of certain civil actions related to a bankruptcy case to federal court. Section 1452(a) provides in relevant part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc*., 368 F.3d 86, 101 (2d Cir. 2004) ("Section 1452(a) states that a party may remove 'any claim or cause of action in a civil action' other than claims falling within two cited exceptions.").

Jurisdiction under Section 1334 depends on a civil proceeding's relationship to a bankruptcy case. That Section provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). One relevant inquiry here thus is whether the removed case is "related to" Wagschal's bankruptcy case. *See Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (for purposes of removal under Section 1334, a civil action is "related to" the bankruptcy case if its outcome might have a "conceivable effect" on the bankruptcy estate). This issue is one for consideration by the bankruptcy court, to which this removed case will be referred.

The bankruptcy removal statute permits removal by any "party," including the plaintiff in a state court action. *See WorldCom, Inc.*, 368 F.3d at 103 ("[U]nlike Section 1441(a), which authorizes *defendants* to remove, the bankruptcy removal statute authorizes *any* 'party,' including plaintiffs, to remove. *See* 28 U.S.C. § 1452(a)."). Notwithstanding statutory authorization of a

removal, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *see also Schumacher v. White*, 429 B.R. 400, 404-05 (Bankr. E.D.N.Y. 2010) (discussing factors for evaluating "whether equity demands that a case removed under § 1452(a) be remanded to state court"); *In re WP Realty Acquisition III, LLC*, 626 B.R. 154, 162 (Bankr. S.D.N.Y. 2021).

Plaintiff's state court Matrimonial Action is pending in Rockland County, which is within this district. *See* 28 U.S.C. § 112(b). Plaintiff's bankruptcy case is pending in the Bankruptcy Court for the Eastern District of New York, the district where he currently resides; he removes part of the Rockland County action, asserting that the removed aspect of the state action is "related to" the Eastern District bankruptcy case, *In re Wagschal*, No. 26-44270 (ESS) (Bankr. E.D.N.Y.). Under this court's standing order of reference, all matters of which our court has Section 1334 jurisdiction are referred to our bankruptcy court. *See* In the Matter of: Standing Order of Reference Re: Title 11, Amended Standing Order of Reference, M10-468, ECF 1:12-MC-00032, 1 (S.D.N.Y. May 26, 2010). The Court therefore refers this matter to the Bankruptcy Court for the Southern District of New York, and that court shall determine whether to transfer this removed action, remand it on equitable grounds, or take any other action that may be appropriate.

## CONCLUSION

The Clerk of Court is respectfully directed, pursuant to this Court's standing order of reference and 28 U.S.C. § 157(a), to refer this action to the United States Bankruptcy Court for the Southern District of New York and close this action on the records of this court. Whether

Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the Bankruptcy Court.[3] This order closes the case in this court.

The Clerk of Court is further directed to mail a copy of this order to the Supreme Court, Rockland County at the following address: 1 South Main Street, New City, New York 10956.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 9, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[3] Plaintiff has not paid the $405.00 in filing fees or submitted an application to proceed *in forma pauperis*.